1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

**United States District Court**
For the Northern District of California

10   MICROSOFT CORPORATION, a Washington              No. C 06-06701 WHA
11   corporation,

12                    Plaintiff,

13        v.                                          **ORDER GRANTING MOTION
                                                      FOR ENTRY OF DEFAULT
14   JOHN COPPOLA d/b/a MISTERWRECKER,                JUDGMENT AND PERMANENT
                                                      INJUNCTION**
15                    Defendant.

16   _____/

17                              **INTRODUCTION**

18        In this action for trademark infringement and copyright infringement, plaintiff Microsoft

19   Corporation moves for default judgment against defendant John Coppola.  Plaintiff asks for a

20   permanent injunction against defendant, in addition to $2000 in attorney's fees and $3,200,000

21   in statutory damages for willful infringement.  The motion for default judgment is GRANTED.

22   The motion for permanent injunction is **GRANTED** pursuant to the accompanying order.

23   Plaintiff is awarded $2000 in attorney's fees and costs and $14,000 in statutory damages.

24                               **STATEMENT**

25        Plaintiff develops, sells and licenses computer software programs recorded on

26   CD-ROMs for use and installation on computers (Compl. ¶ 8).  These programs include

27   Microsoft Windows XP Professional, among others.  The programs are packaged with other

28   materials such as user's guides, manuals, and end-user license agreements (*id*. at ¶¶ 8–9).

United States District Court

For the Northern District of California

1   Plaintiff holds valid copyright registrations on its software programs with the United States

2   Copyright Office (*id*. at ¶ 9).  Plaintiff has also registered several trademarks and a service mark

3   with the United States Patent and Trademark Office (*id*. at ¶¶ 10–11).

4       Defendant John Coppola advertised and distributed counterfeit copies of the Microsoft's

5   products on the internet auction website ebay.com (*id*. at ¶ 13).  Microsoft warned Coppola that

6   the products he sold could be counterfeit and that his actions were illegal by posting takedown

7   notices on the auction website (Sanders Decl. Exh. A).  He continued to post items on the site

8   (*id*. at ¶ 14).  Between May 23, 2006, and June 1, 2006, Coppola distributed three units of

9   Microsoft Windows XP Professional to investigators working for Microsoft.  Plaintiff's

10  investigators analyzed the software and determined that it was counterfeit (*id*. at ¶ 15).

11      Plaintiff filed the complaint against defendant on October 27, 2006, and it was served on

12  defendant the next day.  The complaint alleges claims of copyright infringement, trademark

13  infringement under the Lanham Act, false designation of origin, constructive trust on illegal

14  profits and accounting.  Defendant never appeared or otherwise responded to the complaint.  On

15  January 18, 2007, the clerk of the Court entered a notice of default against defendant.  In

16  addition to a permanent injunction, plaintiff seeks $2000 in attorney's fees and costs and

17  $3,200,000 in statutory damages against defendant.

18                                    **ANALYSIS**

19      Under FRCP 55(b)(2), a party can apply to the court for entry of judgment by default.

20  "The district court's decision whether to enter a default judgment is a discretionary one."

21  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The following factors are considered:

22              (1) the possibility of prejudice to plaintiff, (2) the merits of
            plaintiff's substantive claim, (3) the sufficiency of the complaint,
23          (4) the sum of money at stake in the action, (5) the possibility of a
            dispute concerning the material facts, (6) whether the default was
24          due to excusable neglect, and (7) the strong policy underlying the
            Federal Rules of Civil Procedure favoring decisions on the merits.
25

26  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

27      For the following reasons, these factors favor entry of default judgment against

28  defendant John Coppola.

2

United States District Court
For the Northern District of California

1

**1.    MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.**

After the entry of default, well-pleaded factual allegations in the complaint are taken as

true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906

(9th Cir. 2002). The merits of plaintiff's substantive claims and the sufficiency of the complaint

are thus considered together. Although the complaint alleged claims for constructive trust and

accounting, plaintiff's motion for default judgment addresses only its claims for copyright

infringement, trademark infringement and false designation of origin.

**A.    Copyright Infringement.**

Microsoft alleges that Coppola infringed eight of its copyrights contained in its software

products. For purposes of this motion, plaintiff seems to proceed under theories of contributory

infringement and vicarious liability. "One, who with knowledge of the infringing activity,

induces, causes or materially contributes to the infringing conduct of another, may be held

liable as a contributory infringer." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th

Cir. 1996) (citing *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162

(2d Cir. 1971)). A defendant is vicariously liable for infringement if he or she had the right and

ability to supervise infringing activity coupled with a direct financial interest in infringing

activities. *Id.* at 262.

Here, Microsoft alleges that defendant marketed, sold and distributed counterfeit copies

of its software. Plaintiff also alleges that defendant directly participated in the infringing

conduct by offering to sell the software, and that he also had the right and ability to supervise

and control wrongful conduct. Finally, Microsoft alleges that defendant derived financial

benefit from infringing activities. Thus, Microsoft has stated a claim for copyright

infringement.

**B.    Trademark Infringement Under 15 U.S.C. 1114.**

Microsoft claims that Coppola infringed two of its trademarks. To prove trademark

infringement under 15 U.S.C. 1114, plaintiff must show (1) that its marks are valid and

protectable trademarks; (2) that plaintiff owns the trademarks; (3) that plaintiffs used its marks

in interstate commerce; (4) that defendants used in commerce a reproduction or a copy of a

3

1    registered trademark in connection with the advertising or sale of goods; and (5) that such use is

2    likely to cause confusion, mistake or to deceive consumers.

3         Microsoft alleges that its marks are valid and protectable trademarks registered with the

4    United States Patent and Trademark Office.  It also alleges that it owns them.  Coppola used the

5    marks in interstate commerce by advertising and selling products on an internet auction website.

6    The counterfeit software Coppola sold bore copies of Microsoft's marks.  Finally, plaintiff

7    alleges that the use of its marks is likely to cause confusion as to the product's origin and that

8    consumers would believe the software to be a genuine Microsoft product.  Thus, plaintiff has

9    adequately stated a plausible claim for trademark infringement.

10              **C.    False Designation of Origin Under 15 U.S.C. 1125(a).**

11        Plaintiff also alleges a claim for false designation of origin under 15 U.S.C. 1125(a)

12   against defendants.  Plaintiff must show that defendant used in commerce:

> any word, term, name, symbol, or device, or any combination
> thereof, or any false designation of origin, false or misleading
> description of fact, or false or misleading misrepresentation of
> fact, which is likely to cause confusion, or to cause mistake, or to
> deceive as to the affiliation, connection, or association of such
> person with another person, or as to the origin, sponsorship, or
> approval of his goods by such person.

17   15 U.S.C. 1125(a)(1).  The analysis for false designation of origin is similar to the analysis for a

18   claim of trademark infringement under 15 U.S.C. 1114.  *Brookfield Commc'ns, Inc. v. West*

19   *Coast Entm't Corp.*, 174 F.3d 1046–47 (9th Cir. 1999).  Here, Microsoft has alleged that

20   Coppola's distributing counterfeit copies of its software created a likelihood that consumers

21   would believe that the products were genuine products coming from Microsoft, when in fact

22   they were not.  Accordingly, plaintiff has adequately pleaded a claim for false designation of

23   origin under 15 U.S.C. 1125(a).

24              **2.    REMAINDER OF THE *EITEL* FACTORS.**

25        The remainder of the *Eitel* factors favors entering default judgment for plaintiff.  If this

26   motion is not granted, plaintiff will be left without a remedy or a means to prevent defendant's

27   continued infringement.  Defendant never answered or otherwise responded to the complaint, so

28   it is unclear whether there would be any dispute over material facts.  Copyright infringement

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    and trademark infringement are both strict liability claims which limits the scope of factual

2    disputes.  In general, the fact that a large sum of money is at stake disfavors default judgment.

3    *Cf. Eitel*, 782 F.2d at 1472 (stating that the fact that three million dollars was at stake, when

4    considered in light of the parties' dispute as to material facts, supported the court's decision not

5    to enter judgment by default).  Here, Microsoft asks for a large amount of damages, over three

6    million dollars, in addition to a permanent injunction.  As described below however, the

7    damages are statutory and the amount is left to the Court's discretion.  There is no evidence that

8    defendant's failure to respond was the result of excusable neglect.  Although federal policy does

9    favor a decision on the merits, Rule 55(b) allows the entry of default judgment in situations,

10   such as this, where the defendant has refused to litigate.  On balance, the *Eitel* factors weigh in

11   favor of granting default judgment.

12        **3.    DETERMINATION OF RELIEF.**

13        Allegations of damages are not deemed true simply because of the defendant's default.

14   Some proof of the amount is required.  *Geddes v. United Fin. Group*, 559 F.2d, 560 (9th Cir.

15   1977).  Microsoft seeks a permanent injunction, statutory damages, and attorney's fees.

16        **A.    Permanent Injunction.**

17        Under 17 U.S.C. 502(a), a court may enter an injunction against defendant to prevent

18   future copyright infringement.  Similarly, injunctive relief is available to prevent future

19   trademark infringement under the Lanham Act.  15 U.S.C. 1116(c); 15 U.S.C. 1125(a).  Plaintiff

20   points out that defendant was warned that the products he sold on the internet auction website

21   were counterfeit, yet defendant continued to sell them anyway.  Furthermore, defendant's

22   refusal to answer or appear in this action makes it difficult for plaintiff to prevent further

23   infringement.  Here, injunctive relief is warranted.  Microsoft's motion for a permanent

24   injunction is **GRANTED** as described in the accompanying order for permanent injunction

25   against John Coppola.

26        **B.    Statutory Damages.**

27        Under copyright law, a plaintiff may elect to recover an award of statutory damages at

28   any time before final judgment is rendered.  17 U.S.C. 504(c)(1).  A court, in its discretion, can

5

award not less than $750 but not more than $30,000 per copyright infringed.  Enhanced

damages of up to $150,000 per copyright infringed may be granted on a finding of willful

infringement.  17 U.S.C. 504(c)(2).  For trademark actions involving the use of a counterfeit

mark, a plaintiff may elect to recover statutory damages at any time before final judgment is

entered.  15 U.S.C. 1117(c).  In its discretion, a court can award not less than $500 but not more

than $100,000 for each counterfeit mark.  A court may also grant enhanced damages of up to

$1,000,000 per counterfeit mark on a finding of willful infringement.  Separate awards of

statutory damages are allowed under both trademark law and copyright law where a defendant's

infringement came from a single act.  *Nintendo of Am., Inc. v. Dragon Pacific Int'l*,

40 F.3d 1007, 1011 (9th Cir. 1994).

Microsoft argues that here, defendant's infringement was willful because Coppola

continued his infringing conduct even after Microsoft had posted takedown notices on the

auction websites.  Willful infringement means "with knowledge that the defendant's conduct

constitutes copyright infringement."  *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332,

1335 n.2 (9th Cir. 1990).  Willfulness can also be inferred from a defendant's failure to defend.

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Microsoft has pleaded that Coppola was on notice that the software he sold was likely

counterfeit, yet Coppola persisted in his behavior.  Furthermore, Microsoft argues that because

defendant has not appeared, Microsoft has not had the opportunity to determine what its

damages would actually have been and how much defendant has profited from infringing

conduct.  These factors support a finding that infringement was willful.

Plaintiff asks for the maximum enhanced statutory damages for the infringement of each

of eight copyrights and two trademarks.  At $150,000 per copyright and $1,000,000 per

counterfeit trademark, the tab comes to $3,200,000.  Plaintiff has identified a grand total of

three units of counterfeit software that defendant sold.  It is true that Microsoft could not

conduct discovery to determine its damages, but that in itself simply does not support levying a

statutory damages award in excess of three million dollars.  *See Chanel, Inc. v. Doan*, 2007 WL

781976, *5 (N.D. Cal. Mar. 13, 2007) (Walker, J.) (granting plaintiff's request for statutory

United States District Court
For the Northern District of California

1    damages on default judgment where plaintiff's request bore a plausible relationship to the

2    defendant's profits from infringement).  Statutory damages are intended to serve as a deterrent,

3    but that does not justify such a windfall.  *See Peer Int'l.,* 909 F.2d at 1332.

4         A court has wide discretion to determine the amount of statutory damages between the

5    statutory maxima and minima.  *Harris v. Emus Records Corp*., 734 F.2d 1329, 1335 (9th Cir.

6    1984).  In calculating statutory damages, some courts have looked to estimates of actual

7    damages.  *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 170 (S.D. N.Y. 1999).

8    Here, plaintiff has presented no estimate of how much defendant profited from its infringing

9    activity.  Accordingly, the Court thinks it just to award statutory damages in the amount of

10   $1500 per copyright infringed and $1000 per trademark infringed, for a total of $14,000.  This

11   is twice the minimum under each statute to reflect the finding of willfulness.  These damages,

12   coupled with the permanent injunction granted against defendant, will adequately serve the

13   purpose of deterrence.

14                    **C.    Attorney's Fees and Costs.**

15        For trademark counterfeiting, reasonable attorney's fees and costs are mandated by

16   statute.  17 U.S.C. 1117(b).  Courts have discretion in granting attorney's fees and costs in

17   actions for copyright infringement.  15 U.S.C. 505.

18        Microsoft asks for $2000 in attorney's fees and costs which its counsel declares to be

19   significantly less than the amount of fees and costs incurred in prosecuting this action

20   (Davidson Decl. ¶ 2).  Defendant has failed to appear in this action and the amount of attorney's

21   fees and costs asked for by plaintiff seems reasonable under the circumstances.  Accordingly,

22   plaintiff will be granted its request for $2000 in costs and attorney's fees.

23                         **CONCLUSION**

24        For all of the above-stated reasons, plaintiff's motion for entry of default judgment is

25   **GRANTED**.  Plaintiff's motion for a permanent injunction is also **GRANTED** as stated in the

26

27

28

United States District Court
For the Northern District of California

7

1   accompanying order. Plaintiff has the responsibility to serve the injunction order in such a

2   manner as to make it operative in contempt proceedings.  Plaintiff is awarded $14,000 in

3   damages and $2000 in costs and attorney's fees.

4

5          **IT IS SO ORDERED.**

6

7   Dated:  May 24, 2007.

8          WILLIAM ALSUP
           UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8